UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:17-CV-508-TLS |
| | ) |
| PARKVIEW BEHAVIORAL HOSPITAL, | ) |
| and LAKISHA HOUSTON. | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Robert Stewart, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants Parkview Behavioral Hospital and Lakisha Houston. He also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, it is not clear to the Court whether the Plaintiff is unable to prepay the filing fee because he states that he is on fixed income but provides income information only for his spouse. However, assuming that the Plaintiff is unable to prepay the filing fee, the inquiry does not end.

In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . .

claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The basis for the Plaintiff's suit appears to be as follows: while driving the Plaintiff's car, the Plaintiff's grandson, Tyquan Stewart,[1] presented to Parkview Behavioral Hospital while suffering from a medical/psychological emergency. Hospital employee Lakisha Houston turned Tyquan Stewart away and told him to go to a different hospital. After leaving Parkview Behavioral Hospital, Tyquan Stewart drove the Plaintiff's car into a building in an attempt to commit suicide. The Plaintiff alleges that the Defendants violated the Emergency Medical Treatment and Active Labor Act ("the EMTALA") by refusing to admit Tyquan Stewart and that the Defendants were negligent. The Plaintiff seeks "com[p]ensatory damages, punitive damages and any other damages" that resulted from the Defendants' negligence.

However, the Plaintiff has not established that this Court has subject matter jurisdiction. Federal courts are of limited jurisdiction and may adjudicate claims only if the Complaint alleges violation of a federal statute or of the Plaintiff's constitutional rights or if the Complaint meets diversity requirements, which require that each Defendant reside in a different state than the Plaintiff and that the Plaintiff seeks damages in excess of $75,000. 28 U.S.C. §§ 1331, 1332. Because all parties reside in Indiana and the Plaintiff has not identified the amount of monetary relief he seeks, the diversity requirements are not met. Therefore, for the Court to have jurisdiction over his claim, the Plaintiff must allege that the Defendants violated either his statutory or constitutional rights. This he has not done.

---

[1] The Court notes that Tyquan Stewart has also filed a claim against Parkview Hospital arising out of this same incident. *See Stewart v. Allen County Jail, et al.*, No. 1:16-CV-138 (N.D. Ind. Filed Apr. 29, 2016).

The Plaintiff's request for relief specifies that his damages arise out of the Defendants' alleged negligence, which is a state law claim. The Complaint also contains allegations that the Defendants violated the EMTALA, which is a federal claim. However, courts that have considered the issue have found that third parties do not have standing to bring claims under the EMTALA in a non-representative capacity. *See, e.g.*, *Palmer v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750, 2017 WL 5629624, at *6–7 (D. Kan. Nov. 22, 2017); *Pauly v. Stanford Hosp.*, No. 10-CV-5582, 2011 WL 1793387, at *5 (N.D. Cal. May 11, 2011). Thus, this Complaint states no valid federal cause of action against either of the Defendants.

Accordingly, the Court will deny the Plaintiff's request for leave to proceed in forma pauperis, and will dismiss this action. Because the Plaintiff has asserted state law claims over which this Court has no jurisdiction, the dismissal of this Complaint will be without prejudice to the Plaintiff's right to refile his state law claims against the Defendants in a state court. Additionally, the Court grants the Plaintiff until February 13, 2018, to file an amended complaint in this Court if he prefers to do so. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). If the Plaintiff chooses to file an amended complaint, his amended complaint must contain allegations that plausibly suggest that the Defendants have violated federal law. Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by February 13, 2018, the Court will direct the Clerk to close this case.

# CONCLUSION

For the foregoing reasons, the Court:

(1)     DENIES the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No.2];

(2)     DISMISSES the Complaint [ECF No. 1];

(3)     GRANTS the Plaintiff until February 13, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that

(a) if he does not respond by the above deadline, this case will be dismissed without further notice; and

(b) any amended complaint must contain allegations that plausibly suggest that the Defendants have violated federal law.

SO ORDERED on January 16, 2018.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT